IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE SMITH-LOVEJOY,

        Plaintiff,                   No. 2:11-cv-2767-JAM-JFM (PS)

   vs.

NIKE SHOE CO.,                     <u>ORDER AND</u>

        Defendant.              <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

1       A claim is legally frivolous when it lacks an arguable basis either in law or in
2 fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3 28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 Neitzke, 490 U.S. at 327.

6       A complaint, or portion thereof, should only be dismissed for failure to state a
7 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
9 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
10 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15       The court has reviewed the complaint pursuant to 28 U.S.C. § 1915 and finds that
16 it is subject to dismissal as frivolous.  Plaintiff brings suit against Nike Shoe Company for
17 improper use of Nike's logo.  Plaintiff seeks his "fair share of partnership."  The one-paragraph
18 complaint contains no further allegations.  In light thereof, the court finds that the claims lacks
19 an arguable basis either in law or in fact.  See Neitzke, 490 U.S. at 325.  The complaint,
20 therefore, should be dismissed.

21       According to the Federal Rules, leave to amend "shall be freely granted when
22 justice so requires."  FRCP Rule 15(a).  However, undue delay, prejudice to the opposing party,
23 futility of the amendment, bad faith, and previous opportunities to amend may counsel against
24 granting leave to amend.  Schlacter-Jones v. General Telephone of Cal., 936 F.2d 435, 443 (9th
25 Cir. 1991); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  The court finds that leave to
26 amend should be denied as futile.

1        On December 13, 2011, plaintiff filed a motion to reopen this case and a motion
2   for a public defender to enable him to do his taxes on time.  Both of these requests will be
3   denied.
4        In accordance with the above, IT IS HEREBY ORDERED that:
5        1.  Plaintiff's October 20, 2011 request to proceed in forma pauperis is granted;
6        2.  Plaintiff's December 13, 2011 motion to reopen case and motion for a public
7   defender are denied; and
8        IT IS HEREBY RECOMMENDED that plaintiff's October 20, 2011 complaint
9   be dismissed without leave to amend.
10       These findings and recommendations are submitted to the United States District
11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen
12  days after being served with these findings and recommendations, any party may file written
13  objections with the court and serve a copy on all parties.  Such a document should be captioned
14  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
15  that failure to file objections within the specified time may waive the right to appeal the District
16  Court's order.  Martinez v. Ylst, 95 1 F.2d 1153 (9th Cir. 1991).
17  DATED: December 22, 2011.

                                        UNITED STATES MAGISTRATE JUDGE

/014;love2878.dismiss